*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re STANLEY JOHN MARX III.

EMELEE DRIER,

Petitioner-Appellee,

v

STANLEY JOHN MARX III,

Respondent-Appellant.

UNPUBLISHED
July 21, 2022

No. 359416
Manistee Probate Court
LC No. 18-000123-MI

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent has been receiving court-ordered mental health treatment for schizophrenia since April 2018. He unsuccessfully sought discharge from that treatment early in 2021,[1] and then lost his challenge to a new petition for ongoing treatment later in 2021. In his current appeal, respondent challenges the instructions given to the jury, listed on the jury form, and an answer to a mid-deliberation question in the latest proceeding. The instructions and the answer comport with the law and we affirm.

## I. BACKGROUND

Respondent suffers from schizophrenia and has been receiving court-ordered injections since 2018. He originally received an injection every four weeks, but this was insufficient to treat his condition. Respondent's injections were increased to every three weeks. Relevant to this appeal, the petitioner filed a July 2021 petition for a continuing mental health order, and a jury trial was conducted to determine whether respondent was "a person requiring treatment." The

---

[1] This Court affirmed the probate court's denial of that petition. *In re Stanley John Marx III*, unpublished per curiam opinion of the Court of Appeals, issued November 9, 2021 (Docket No. 356924).

petitioner presented evidence regarding respondent's illness, his lack of insight into the illness, and the possibility that he would be hospitalized without court-mandated out-patient treatment. Respondent testified that he would continue his treatment if discharged from the court order but would seek a lower dose to alleviate the medication's side effects.

The probate court instructed the jury on the burden of proof and the elements as follows:

This case involves a petition to determine whether [respondent] is a person requiring treatment as defined by the Michigan Mental Health Code. Two requirements must be met for you to find that an individual is a person requiring treatment.

First, the person must be mentally ill. Mentally ill means that the person suffers from a substantial disorder of thought or mood which significantly impacts his judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life.

However, mental illness is not the only requirement. The second requirement is that the person, as a result of mental illness, is subject to one or more of the following conditions.

(A) A person can reasonably be expected within the near future to intentionally or unintentionally . . . seriously physically injure himself or another person and has engaged in an act or acts or made significant threats that substantially support this expectation.

Or (B) The person is unable to attend to those of his basic physical needs such as food, clothing, or shelter, which must be attended to in order for the person to avoid serious harm in the near future and the person has demonstrated that inability by failing to attend to those basic physical needs.

Or (C) The person's judgment is so impaired that he lacks an understanding of his need for treatment which has caused him to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary on the basis of competent clinical opinion to prevent a relapse or harmful deterioration of his condition and presents a substantial risk of significant physical or mental harm to himself or to others.

An individual who meets both requirements is considered to be a person requiring treatment.

The court provided the jury with the following verdict form:

**M Civ JI 221.01 Form of Verdict: Mental Illness--Involuntary Treatment**

We, the jury, make the following answers to the questions submitted by the Court:

QUESTION NO. 1: Is Stanley John Marx III mentally ill?

Answer: ꙮꙮꙮ (yes or no)
If your answer is "no," do not answer any further questions.

QUESTION NO. 2: As a result of that mental illness, is Stanley John Marx III subject to one or more of the three conditions listed below?

No ✗ (a) the person can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself or another person and has engaged in an act or acts or made significant threats that substantially support this expectation, or

✗ (b) the person is unable to attend to those of his basic physical needs such as food, clothing or shelter, which must be attended to in order for the person to avoid serious harm in the near future; and the person has demonstrated that inability by failing to attend to those basic physical needs, or

—➔ (c) the person's judgment is so impaired that he lacks an understanding of his need for treatment, which has caused him to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his condition, and presents a substantial risk of significant physical or mental harm to himself or to others.

Answer: ꙮꙮꙮ (yes or no)

The court explained the form to the jury as follows:

> Next is the form of verdict. You can read that form. It states we the jury make the following answers to the questions submitted by the Court.
>
> Question number one. Is [respondent] mentally ill. Yes or no. If your answer is no, do not answer any further questions.
>
> Question number two. As a result of that mental illness, is [respondent] subject to one or more of the three conditions listed below. And you can see (A), (B) or (C). And those are the three that we discussed in giving you the instructions today. And the answer would be yes or no.

During deliberations, the jury returned with a question: "The last page of instructions, should it say. 'We find the Respondent is a person requiring involuntary treatments [sic]. Are we

deciding mandatory medication with no options by [respondent]?' '' After consulting with counsel for both parties, the court recalled the jury to the courtroom and replied:

> [T]he level of input of [respondent] into a prescribed treatment program would not be an issue for the jury's determination. So in other words, the sole function of the jury would be to answer the two questions that are on the verdict form.
>
> Question one, is [respondent] mentally ill. Yes or no. If the answer is no, you do not have to answer any further questions.
>
> And question two is, as a result of that mental illness, is [respondent] subject to one or more of the three conditions that are listed below. It's simply yes or no, does he fit into one or more of those criteria.
>
> And that would be the extent of the jury's involvement. If the answers are both yes, then your verdict would be we find the Respondent is a person requiring treatment. If either one is no, then we find the Respondent is not a person requiring treatment.
>
> If you do find that the individual is requiring treatment, then the nature of that treatment and the level of the Respondent [sic] is not for the jury's consideration.

Ultimately, the jury found that respondent was a person requiring treatment and respondent appealed.

## II. DISCUSSION

We review de novo claims of instructional error, *Cox ex rel Cox v Bd of Hosp Managers for Flint*, 467 Mich 1, 8; 651 NW2d 356 (2002), considering the instructions as a whole to ensure they accurately (even if imperfectly) advise the jury of the law. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). The instructions given in this case conform with the applicable statute. As such, there was no instructional error.

MCR 2.512(D)(2)(b) provides that a court must give the relevant model civil jury instructions if they are applicable, accurately state the applicable law, and are requested by a party. The verdict form given to the jury in this case restated the relevant jury instruction—M Civ JI 221.01—essentially verbatim. Model Civil Jury Instruction 221.01 provides in relevant part:

**M Civ JI 221.01 Form of Verdict: Mental Illness—Involuntary Treatment**

We, the jury, make the following answers to the questions submitted by the Court:

QUESTION NO. 1: Is [*name of respondent*] mentally ill?

Answer: ____ (*yes or no*)

If your answer is "no," do not answer any further questions.

QUESTION NO. 2: As a result of that mental illness, is [*name of respondent*] subject to one or more of the three conditions on which I have instructed you?

Answer: _____ (yes or no)

If your answer is "yes," your verdict is, "We find that the respondent is a person requiring treatment."

If your answer is "no," your verdict is, "We find that the respondent is not a person requiring treatment."

The court's verbal instructions followed the verdict form and the model jury instruction. And the verbal instructions, verdict form, and model jury instruction all comport with the applicable statute. Specifically, MCL 330.1401(1) of the Mental Health Code, MCL 330.1001 *et seq.*, provides in relevant part:

As used in this chapter, "person requiring treatment" means (a), (b), or (c):

(a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

(b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

(c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

The probate court instructed the jury as required: consistent with the statute and the model civil jury instruction. There is no error for this Court to remedy.

However, respondent contends that the court should have informed the jury that the statute does impose involuntary treatment when the jury submitted a question mid-deliberations. The term "involuntary" is included in the title of the model jury instruction and was included in the heading on the jury verdict form. But the word "involuntary" does not appear in the text of the statute. Rather, MCL 330.1401(1)(c) refers to a person who "demonstrate[s] an unwillingness to

voluntarily participate in" necessary treatment. This phrase implies that the court is ordering involuntary treatment. That part of the statute was read to the jury word for word and was included verbatim in the jury verdict form. Ultimately, the Legislature chose to use the term "person requiring treatment," not "person requiring involuntary treatment." The probate court instructed the jury as required.[2]

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[2] As the court instructed the jury as required by the Legislature, its answer to the jury's mid-deliberation question was neither "slanted" nor prejudicial.